UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASPER KHEKMATIIR,<br><br>                    Petitioner,<br><br>          v.<br><br>PAMELA BONDI, et al.,<br><br>                    Respondents. | Case No. 5:26-cv-01191-SSC<br><br><br>MEMORANDUM AND ORDER |

On March 13, 2026, Petitioner Kasper Khekmatiir filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is a noncitizen[1] who is in immigration detention at the Adelanto ICE Processing Center.  (*Id.* at 2.)

The petition alleges the following facts.  Petitioner entered the United States in January 2022.  (*Id.*)  Petitioner went to a port of entry seeking to apply for asylum, was detained by the Department of Homeland Security (DHS), and was paroled in February 2022.  (*Id.* at 2, 7.)  Petitioner was re-detained at his credible fear interview on September 5, 2025.  (*Id.* at 2.)  At the time the petition was filed, Petitioner had been detained for more than six months.  (*Id.* at 3.)  Petitioner seeks release or, in the alternative, a bond hearing at which

---

[1] Petitioner is a citizen of Russia.  (ECF 1 at 2.)

the government bears the burden of proof by clear and convincing evidence. (*Id.* at 4, 28.) In the one-paragraph answer, Respondents included the following: "With respect to the request for a bond hearing, Respondents are not presenting an opposition argument at this time." (ECF 7 at 2.)

The Court held a status conference on April 16, 2026. (ECF 9.) At the hearing, Respondents did not disagree that Petitioner was entitled to a bond hearing at which the government bears the burden of proof by clear and convincing evidence. Following the hearing, the parties consented to proceed before this Court. (ECF 10; ECF 11.)

## ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **April 24, 2026**, he is provided with a bond hearing at which the government must bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, and the immigration judge must exercise discretion to make an individualized determination whether Petitioner should be detained pending removal proceedings.

DATED: April 17, 2026

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

2